IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

ROBERT LEE JONES )
)
)
Movant, )
) Case No. 11: 4167-CV-C-NKL
)
v. )
)
UNITED STATES OF AMERICA )
)
Respondent. )
)
)

**ORDER**

Before the Court is Robert Lee Jones' *pro se* motion to vacate, set aside or correct his sentence [Doc. # 1], pursuant to 28 U.S.C. § 2255. Upon consideration of Jones' motion, the government's response [Doc. # 7], and Jones' reply [Doc. # 10], the Court denies the motion for the reasons outlined below.

**I.       Procedural History**

On July 7, 2009, Jones entered a plea of guilty to three drug and firearms offenses: 1) the use of a telephone in order to facilitate and promote a conspiracy to distribute and possess with the intent to distribute more than 50 grams of a mixture and substance containing a detectable amount of cocaine base, as charged in Count 17; 2) being a felon in possession of

1

a firearm, as charged in Count 30; and 3) conspiracy to knowingly possess, and to aid and abet, in and affecting interstate and foreign commerce, the possession of firearms by prohibited persons, and to knowingly possess a firearm in furtherance of a drug trafficking crime, as charged in Count 40. As part of the plea agreement, Jones agreed to waive his right to appeal or seek post-conviction relief, except for claims involving: 1) ineffective assistance of counsel, 2) prosecutorial misconduct, 3) a sentence in excess of the statutory maximum or 4) an illegal sentence. [Doc. # 265; Case No. 2:09-cr-04003-NKL-9]. On November 9, 2010, his direct appeal was dismissed by the Eighth Circuit on the basis of the appeal waiver. [Doc. # 659, 661; Case No. 2:09-cr-04003-NKL-9].

On April 13, 2010, the Court adopted the presentence investigation report that recommended a Sentencing Guidelines range of 151 to 188 months, and sentenced Jones to the statutory maximum of 48 months on Count 17, the statutory maximum of 120 months on Count 30, and 121 months on Count 40, all to be served concurrently, for a total aggregate term of 121 months' imprisonment.

On April 23, 2010, Jones filed a direct appeal of his sentence with the Eight Circuit Court of Appeals. The appeal was dismissed on October 18, 2010, on the basis of the appellate waiver in Jones' written plea agreement, and the mandate was issued on November 9, 2010. On June 20, 2011, Jones timely filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence based on a claim of ineffective assistance of counsel.

**II.     Discussion**

2

Jones brings claims alleging ineffective assistance of counsel and improper sentencing. Specifically, Jones argues that his attorney failed to raise several issues at trial including that 1) his sentence under Count 40 was in excess of the maximum sentence under the law and should be reversed; 2) as a result of this improper sentence under Count 40, Jones' sentence under Count 30 should be reduced; and 3) the Court lacked jurisdiction over the felon-in-possession offense proscribed in 18 U.S.C. § 922(g)(1). The Court will consider each of these arguments in turn.

### A. Sentencing Under Counts 30 and 40.

Jones claims that the maximum sentence he could receive under Count 40 was 60 months, and that his attorney was ineffective in failing to challenge the considerably greater sentence of 121 months imposed by the Court. Count 40 involved a conspiracy to commit two different firearms offenses in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(c)(1). Jones appears to believe that a maximum sentence of five years is dictated by 18 U.S.C. § 371, which is the general statute allowing for prosecution of a conspiracy to commit offense or to defraud the United States. It is true that Section 371 carries a maximum sentence of five years. However, federal law provides the government with multiple ways to prosecute conspiracies, and Jones consented in his plea agreement to plead guilty to conspiracy to commit the substantive firearm offense described in Section 924(c)(1). Sentencing for this offense is governed by 18 U.S.C. § 924(o), which provides a maximum sentence of 20 years:

> A person who conspires to commit an offense under subsection (c) shall be imprisoned for not more than 20 years, fined under this title, or both; and if the firearm is a machinegun or destructive device, or is equipped with a firearm silencer or muffler, shall be imprisoned for any term of years or life.

The plea agreement signed by Jones clearly specifies that Jones would be subject to a potential maximum sentence of 20 years. [Doc. # 265 at 7]. As Jones' sentence of 121 months is proper under the federal statute and plea agreement, Jones cannot make a showing of ineffective assistance of counsel. Because Jones was properly sentenced, the Court must also reject his argument that his sentence under Count 30 should now be lowered.

### B. Jurisdictional and Constitutional Arguments

Jones also argues in his motion that the Court lacks jurisdiction over the felon-in-possession offense outlined in 18 U.S.C. § 922(g)(1), at issue in Counts 30 and 40 of Jones' conviction. Specifically, Jones asserts that the Court lacks jurisdiction because 18 U.S.C. § 922(g)(1) is an unconstitutional exercise of legislative power under the Commerce Clause. This type of post-conviction challenge is barred by the appellate waiver within Jones' plea agreement. However, even if Jones' jurisdictional and constitutional challenges are construed as an ineffective assistance of counsel claim, which would be allowed as an exception to the appellate waiver, they still must fail for at least two reasons.

First, the Court had clear jurisdiction to hear this case under 18 U.S.C. § 3231, which provides subject-matter jurisdiction to federal courts for every federal criminal prosecution. *See United States v. White Horse*, 316 F.3d 769, 772 (8th Cir. 2003) (labeling 18 U.S.C. § 3231 as "the beginning and the end of the jurisdictional inquiry").

Second, Jones' constitutional arguments are not supported by existing law. Jones argues that various Commerce Clause rulings by the U.S. Supreme Court over the past sixteen years, including *United States v. Lopez*, 514 U.S. 549 (1995), *United States v. Morrison*, 529 U.S. 598 (2000), and *Jones v. United States*, 529 U.S. 848 (2000), require Section 922(g)(1) to be struck down as unconstitutional. However, the Eighth Circuit has rejected these arguments, repeatedly upholding the constitutionality of 18 U.S.C. § 922(g)(1) under the Commerce Clause.[1] *See United States v. Stuckey*, 255 F.3d 528, 530 (8th Cir. 2001); *United States v. Shepherd*, 284 F.3d 965, 969 (8th Cir. 2001); *United States v. Schmidt*, 571 F.3d 743, 746 (8th Cir. 2009). Specifically, the court has found that unlike the statutes at issue in *Lopez* or *Morrison*, Section 922(g)(1) contains an express jurisdictional element requiring that the government establish in each prosecution that a sufficient nexus exists between the charged offense and interstate or foreign commerce. *See Stuckey*, 255 F.3d at 530. The Eighth Circuit has also not accepted Jones' argument that a sufficient nexus only exists if the guns and ammunition at issue are "currently used in [interstate] commerce or in an activity affecting [interstate] commerce." [Doc. # 1 at 26]. Instead, in the words of the court, the requirement that "a gun must have been in interstate commerce at some point is sufficient to show a proper nexus under the Commerce Clause." *Shepherd*, 284 F.3d at 969.

---

[1] Jones also implies that the felon-in-possession statute is unconstitutional under the Second Amendment. [Doc. # 1 at 27-28]. However, the Eighth Circuit has held that the statute is not a violation of the Second Amendment. *See United States v. Seay,* 620 F.3d 919, 925 (8th Cir. 2010).

Given that existing law does not support Jones' arguments, for the reasons outlined above, his attorney committed no legal error in failing to raise a jurisdictional or constitutional challenge, and thus Jones has no claim for ineffective assistance of counsel.

### C. Certificate of Appealability

A certificate of appealability will be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth above, Jones has not made a substantial showing of the denial of a constitutional right. Therefore, the Court does not issue a certificate of appealability here.

## III. Conclusion

Accordingly, it is hereby ORDERED that Robert Lee Jones' Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. # 1] is DENIED and a certificate of appealability is not issued.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: January 3, 2012  
Jefferson City, Missouri